■ In the Matter of VINCENT LA BARBERA et al., Doing Business as East 16TH APTS. Co., Respondents, v. HOUSING AND DEVELOPMENT AUTHORITY OF THE CITY OF NEW YORK, Respondent, and CONCILIATION AND APPEALS BOARD, Appellant, et al., Respondents.— In a proceeding under article 78 of the CPLR to annul a determination of appellant, the Conciliation and Appeals Board, known as opinion 165 and dated March 3, 1970, which *inter alia* directed petitioners, the owners of the real property in question, to grant the tenants of an apartment therein a concession for the rents of January in the years 1970, 1971 and 1972, the appeal is from a judgment of the Supreme Court, Kings County, entered December 3, 1971, which granted the petition. Judgment reversed, on the law, without costs, petition dismissed and determination reinstated. The subject premises come within the sphere of the Rent Stabilization Law of 1969 (Local Laws, 1969, No. 16, § 1 of City of New York [Administrative Code of the City of New York, ch. 51, tit. YY]) and the Rent Stabilization Code adopted thereunder. The tenant's three-year lease in existence on May 31, 1968, the base date, provided for rent of $195 per month during the entire term of the lease, except for January of each year, when the tenant paid no rent. When the lease expired, petitioners prepared a renewal lease at a rental of $225 per month, without any specified month's concession and, in keeping with the Rent Stabilization Code, rolled it back to $224.25. The

tenants, believing they were entitled to some consideration for the concession in the rent calculation, filed a complaint with appellant, the Conciliation and Appeals Board. Section 60 of the Rent Stabilization Code provides, in part, that the owner must "offer to renew the lease at the stabilization rent permitted * * * and otherwise on the same conditions as the expiring lease". The board, relying on section 60, held that petitioners were required to renew the lease at the stabilization rent permitted and otherwise on the same conditions as the prior lease. It thus directed petitioners to grant the tenants a one-month concession for each year of the renewal lease. In our opinion the board's interpretation of the code has support in the record and a reasonable basis in law; hence, its determination should not have been overturned by Special Term. Latham, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.