■ In the Matter of CENTURY OPERATING CORPORATION, Appellant, v EMANUEL POPOLIZIO, as Chairman of New York City Conciliation and Appeals Board, Respondent. — Judgment, Supreme Court, New York County (Asch, J.), entered November 17, 1981 dismissing the petition which sought to set

aside respondent's determination that the landlord include a two-month rent concession in all renewal leases executed with the tenant Rosenberg, affirmed, without costs or disbursements. The initial lease, executed on February 1, 1966 for a three-year term, contained a rider which provided for a concession whereby the tenant was not required to pay rent for the first two months of the lease term. None of the renewal leases contained a similar provision. On February 3, 1978 the tenant filed a complaint of rent overcharge with the Conciliation and Appeals Board (C.A.B.), contending that he was overcharged during three renewal lease terms because the owner, in calculating rent for such leases, failed to take into account the initial lease's two-month rent concession. Before the board, the present owner, which took title to the premises on February 6, 1976, took the position, as it does now, that it was the intention of the parties to the original lease that the two-month rent concession be a "one-time only" concession to induce the tenant to rent the apartment and that the concession expired with the initial lease. The board found that pursuant to section 60 of the Code of the Rent Stabilization Association of New York City, Inc. (Code), the owner was required to include in each renewal lease a concession of rent for the first two months of the lease term. Under the Rent Stabilization Law the lawful stabilized rent is equal to the rent charged on the lease date, i.e., May 31, 1968, plus any increases authorized by the Rent Guidelines Board for vacancy or renewal leases. (Administrative Code of City of New York, § YY51-6.0, subd c; Code, § 60.) The Rent Stabilization Law requires that the Code promulgated thereunder contain provisions to prevent any evasion of the lawful stabilized rent and other provisions of the law either directly or indirectly, such as by reducing services or altering the lease agreement to the detriment of the tenant. (Administrative Code, § YY51-6.0, subd c, par [5].) Section 60 of the Code implements this requirement in mandating that, except for authorized rent increases, renewal leases be offered on the same terms and conditions as the expiring lease. (See *Matter of East 56th Plaza v New York City Conciliation & Appeals Bd.,* 56 NY2d 544.) The board's interpretation of the Code has a rational basis and although we might have reached a different conclusion, this court may not substitute its judgment for that of the board. (*Matter of Park East Land Corp. v Finkelstein,* 299 NY 70, 75.) Moreover, courts have repeatedly upheld orders of the board which required owners, pursuant to section 60 of the Code, to include in renewal leases conditions contained in the expiring lease. In *Matter of La Barbera v Housing & Dev. Auth. of City of N. Y.* (44 AD2d 835), the Second Department upheld a C.A.B. order requiring the owner to include in the renewal lease a provision for a one month's rent concession for each year of the lease term, where the initial lease provided for such a concession. (See, also, *Matter of Kliegman v McGoldrick,* 285 App Div 1064.) The tenant's failure to question the rent in the three previous renewals does not amount to a waiver. Section 11 of the Code provides: "An agreement by the tenant to waive the benefit of any provision of the Rent Stabilization Law or this Code shall be void." What a tenant cannot do by agreement he cannot accomplish by inadvertence. Moreover, section 10 of the Code provides that any lease provisions inconsistent with the Rent Stabilization Law or the Code shall be suspended. Inasmuch as the effect of the renewal leases was to alter the formula by which the rent was initially established, its provisions were inconsistent with the Code. Nor do we find laches available as a defense, since the courts must use the Statute of Limitations as a guide in determining a motion to dismiss for laches (*Schreier v Cummings,* 250 App Div 808), and section YY51-6.0 (subd c, par [3]) of the Administrative Code requires that landlords make allowance to provide cash refunds or credits for any rent paid since 1969 in excess of the fair rent for the

apartment. No time limitation is established. Moreover, the landlord has not been prejudiced by the tenant's delay in seeking reformation of the lease. (See *Marcus v Village of Mamaroneck,* 283 NY 325.) The only sums the landlord will have to repay to the tenant are those which it collected as rent after taking title to the building. Concur — Murphy, P. J., Sullivan, Ross and Milonas, JJ.

Kupferman, J., dissents in a memorandum as follows: I would reverse and grant the petition. This matter involves a question of what conditions apply under the Code of the Rent Stabilization Association of New York City, Inc. (Code) for renewal of a lease at the "stabilization rent permitted". The tenant occupied an apartment on the west side of Manhattan with a three-year lease dated February 1, 1966. The landlord gave a two months' concession, and the monthly lease rental was $313. Under the Rent Stabilization Law enacted in 1969, section YY51-1.0 *et seq.* of the Administrative Code of the City of New York, the New York City Conciliation and Appeals Board ordered the base date for all stabilized apartments to be May 31, 1968, "base date rental". The tenant renewed the lease on February 1, 1969 for three years, on February 1, 1972 for three years, and on February 1, 1975 for three years. In February, 1976, title to the property was transferred to the present landlord. When a new three-year lease renewal effective February 1, 1978 was offered, the tenant, as part of a dispute with the landlord over overcharges, sought to have the base date rental reduced from $313 to $295.61 by taking into account the two months' concession. The board determined that the landlord was to grant two months' free rent as a concession in accordance with the original lease. The landlord's petition with respect to this determination was dismissed at Special Term, and this court is affirming. The so-called "base" date rental would include what is really a "bait" rental. The concession is a form of gratuity to induce a tenant to enter into a lease and is not really one of the conditions of the lease. The tenant did not raise any question with respect to concessions until many leases later. The interim lease did not include such concessions. Thus, the determination in *Matter of La Barbera v Housing & Dev. Auth. of City of N. Y.* (44 AD2d 835), wherein the Second Department held that the base date rental had to be adjusted for the concession, is not necessarily applicable. This does not mean that the tenant agreed to waive the benefit of any provision of the Code (see § 11), it simply means that the tenant understood that the concession was not really part of the lease arrangement. Moreover, section 60 of the Code provides for renewal "on the same conditions as the expiring lease".