OPINION OF THE COURT

Per Curiam.

Final judgment entered May 28,1982 affirmed, with $25 costs.
Tenant has occupied the stabilized apartment in question since April, 1976. His initial lease, which expired on March 31, 1978, was never renewed by the former owner. There is nothing in the record to indicate that the predecessor landlord ever offered to renew the lease term, as required by section 60 of the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code) nor does the present landlord (petitioner herein) argue on appeal that such an offer was ever made. Petitioner purchased the premises in June, 1981, and served a 30-day notice terminating the tenancy as of December 31, *566 1981, which was followed by this owner-occupancy proceeding brought under subdivision B of section 54 of the Rent Stabilization Code.
On the facts presented, the Housing Court correctly ruled that this landlord was not in a position to avail herself of the benefits of subdivision B of section 54. That provision addresses the circumstance where a landlord seeks to be relieved of the obligation of renewing an expiring lease because he seeks the premises in good faith for personal use. The former owner never sought the premises for his own use, or any other reason, and violated a cardinal principle of the stabilization scheme by failing to timely offer a renewal lease containing all of the provisions of the expiring lease. The present owner could not take advantage of that noncompliance with the Rent Stabilization Code by simply terminating the tenant’s estate on 30 days’ notice, for if there had been requisite compliance by the predecessor-in-interest, tenant would have been in possession under lease at the time petitioner purported to terminate (see Simon v Elkin, NYLJ, April 26, 1976, p 6, col 1).
We find unpersuasive petitioner’s argument, essentially based upon the doctrine of laches, that tenant is now estopped from asserting his entitlement to a renewal lease as a consequence of his alleged failure “to compel issuance of a renewal lease from the [predecessor] landlord”. It is suggested that tenant was in some manner obliged to pursue his statutory right to renewal through legal channels. We are aware of no rule of law requiring a rent-stabilized tenant to claim his right to a renewal lease within a specified period, on pain of relinquishing that right. No such requirement is to be found in the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq.) or Code; to the contrary, section 60 of the Rent Stabilization Code places the burden in this regard squarely upon the landlord. Furthermore, a tenant cannot by agreement, or through inadvertence, waive any right provided by the Rent Stabilization Law or Code (Rent Stabilization Code, § 11; Matter of Century Operating Corp. *567 v Popolizio, 90 AD2d 731) including, of course, the all-important right of renewal.
Riccobono, J. P., Sullivan and Sandifer, JJ., concur.