OPINION OF THE COURT
Robert W. Cacace, J.
Trial was held in this summary proceeding on March 28, 1984.
Petitioner seeks respondent’s apartment for occupancy by a family member, the petitioner’s mother, pursuant to section 2504.4 (a) of the Emergency Tenant Protection Regulations (9 NYCRR). A 90-day notice was served upon tenant terminating the tenancy on February 28, 1984.
The tenant has occupied this rent-stabilized apartment for 11 years. Petitioner purchased the building in October of 1982. Tenant never had a lease, nor was she ever offered a lease by petitioner or his predecessor.
The tenant contends that the landlord cannot maintain this proceeding. She argues that since she occupies the apartment without a lease, eviction pursuant to section 2504.4 (a) cannot be sought.
The landlord contends that the failure to provide a lease is not fatal to this proceeding and that no lease is required unless and until the landlord seeks a rent increase.
*962 Section 10 of the Emergency Tenant Protection Act of 1974 (hereinafter referred to as ETPA, L 1974, ch 576, § 4, as amd by L 1983, ch 403, § 56) grants to the State Division of Housing and Community Renewal the authority to promulgate appropriate implementing regulations and provides that such regulations “shall require owners to grant a new one or two year vacancy or renewal lease at the option of the tenant”.
The regulations (9 NYCRR 2502.5) provide as follows:
“(a) Vacancy lease. Upon the renting of a vacant housing accommodation after the local effective date of the act, the landlord shall provide to the tenant and execute a valid written lease for a one- or two-year period at the tenant’s option at a rent which may not exceed the legal regulated rent then in effect * * *
“(b) Renewal lease. Upon the expiration of a prior lease or rental agreement, the tenant shall have the right of selecting at his option a renewal lease for a term of one or two years”.
The statutory and regulatory scheme thus contemplates that every tenant occupying an apartment which is subject to the provisions of the ETPA shall be entitled to a one- or two-year lease.
Whether the landlord seeks a guidelines increase or not, the tenant is entitled to a lease by the terms of the statute and the regulations. The renewal lease is merely thé vehicle through which a guidelines increase may legitimately be obtained. (9 NYCRR 2503.5.) Petitioner’s argument that a tenant is only entitled to a lease when a landlord seeks a guidelines increase is therefore untenable.
The burden of providing a lease to the tenant is upon the landlord. There is no obligation on the part of the tenant to enforce her rights to receive a lease, and this is a right which may not be waived by failure to enforce. (Friedman v Babic, 118 Misc 2d 565, 566 [App Term, 1st Dept].)
The Emergency Tenant Protection Regulations set forth the grounds upon which a tenant may be evicted. Section 2504.4 (9 NYCRR) under which petitioner has brought this proceeding, provides in pertinent part as follows:
*963 “The landlord shall not be required to offer a renewal lease to a tenant, and may maintain an action or proceeding to recover possession in a court of competent jurisdiction only upon one or more of the following grounds:
“(a) Occupancy by owner or immediate family. The owner seeks in good faith to recover possession of a housing accommodation for his own personal use and occupancy or for the use and occupancy of his immediate family * * * No action or proceeding to recover possession shall be commenced in court unless and until the owner shall have given written notice to the tenant not less than 90 days prior to the date specified for the surrender of possession and prior to the commencement of any proceeding or action.”
The landlord may not proceed under 9 NYCRR 2504.4 unless and until he is obliged to offer a renewal lease. That obligation arises not more than 90 days and not less than 60 days prior to the end of the tenant’s lease term (9 NYCRR 2503.5). Pursuant to section 2504.4, the landlord’s general obligation to provide a renewal lease is excused. Instead, the landlord is permitted to give notice at least 90 days prior to the expiration of the lease that the apartment is sought for occupancy by the landlord or his family. In any event the 90-day period cannot end prior to expiration of the lease term. Any tenant in possession under a lease is thus protected from eviction until expiration of the lease term.
The landlord has violated a cardinal principle of the stabilization scheme by failing to provide the tenant with the required leases during her tenancy. (See Friedman v Babic, 118 Misc 2d 565, 566, supra.) The landlord’s failure to meet his own obligations under the law cannot now serve to permit him to contravene the regulatory scheme and seek the apartment at will, whenever he chooses. One of the stated purposes of the ETPA is the prevention of uncertainty, hardship and dislocation of tenants (ETPA 2). Although this result may seem harsh to the landlord, the overriding policy of tenant protection which is embodied in the ETPA must prevail in the face of landlord’s failure to meet his own obligations.
The petition is hereby dismissed.