■ MANTEK SERVICES, INC., Respondent, v RYE OFFICE ASSOCIATES et al., Appellants.—In an action, inter alia, to reform a lease, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered July 14, 1987, as denied that branch of their motion which was for summary judgment.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the defendants' motion which was for summary judgment is granted and the complaint is dismissed.

The plaintiff seeks to reform a written lease on the ground of mutual mistake or, in the alternative, unilateral mistake accompanied by fraud. The plaintiff's claim revolves around its contention that the defendants misrepresented the measurement of the actual square footage of the leased premises, based upon which there were additional rental payments for escalated real estate taxes, wages and other expenses. Significantly, the record reveals that the plaintiff's president, in a deposition, conceded that he was aware that common areas would be included in the rental space, that he discussed this fact with his business associates and his attorney, that he never measured the space at issue, that he agreed with an analysis of the space in which the total actual square footage was in excess of the figure set forth in the lease and that at no time did he question or object to this calculation.

A party resisting pretrial dismissal of a reformation claim is required to tender "a very high order" of evidence in evidentiary form to overcome the "heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties" (Backer Mgt. Corp. v Acme

*Quilting Co.,* 46 NY2d 211, 219; *Chimart Assocs. v Paul,* 66 NY2d 570; *Sagan v Sagan,* 53 NY2d 635). Such a showing has not been made in this case. The plaintiff's proof submitted in opposition to the motion for summary judgment failed to demonstrate that the lease was at variance with the intention of either party or that the defendants fraudulently misrepresented the square-footage computations set forth in the lease. Accordingly, the defendants' motion for summary judgment should have been granted.

In view of this determination, we need not address the agency issues posed by the defendant Joseph P. Day Realty Corp. Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.