■ In the Matter of NORTH CAROLINA LEASING CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing Community Renewal, dated April 24, 1987, which denied the petitioner's petition for administrative review of a determination by the district rent administrator that the petitioner had overcharged a tenant, the petitioner appeals from a judgment of the Supreme Court, Kings County (Lodato, J.), dated December 8, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner and a tenant executed a rent-stabilized, three-year, vacancy lease on June 16, 1981, to commence on July 1, 1981. Pursuant to Code of Rent Stabilization Association of New York City, Inc. § 42 (B), the lease contained a clause permitting the upward or downward adjustment of rent, retroactively or prospectively, to conform to any increases or decreases authorized by the Rent Guidelines Board. Pursuant to Rent Guidelines Board Order No. 12a, which was in effect at the time of the execution of the lease, the petitioner could have used the rent paid by the prior tenant on June 30, 1981, i.e., $270.10, as base rent in computing the tenant's rent. Instead, the petitioner utilized as base rent the maximum permissible rent on June 30, 1980, i.e., $227.

Rent Guidelines Board Order No. 12a was issued on June

30, 1981, to become effective on July 1, 1981, and provided in pertinent part as follows: "Where a dwelling unit becomes vacant, the levels of rent increase governing a new tenancy commencing on or after July 1, 1981 and on or before September 30, 1981 are the same levels over rentals charged on June 30, 1981 as those set forth for lease renewals pursuant to the adjustments for renewal leases as set forth in Order Number 12, plus 15 per cent over the rentals charged on June 30, 1981 on each vacancy of such unit during the effective period of this Order."

This provision meant, in effect, that owners of rent-stabilized apartments were entitled to an over-all 33.5% vacancy allowance increase. Purporting to act pursuant to Rent Guidelines Board Order No. 12a, in October of 1981 the petitioner increased the tenant's rent to $360.58 retroactive to July 1, 1981. This figure was determined by computing the 33.5% vacancy allowance over the maximum permissible rent as of June 30, 1981, i.e., $270.10. Upon the tenant's complaint, the district rent administrator determined that Rent Guidelines Board Order No. 12a permitted only the increase for a vacancy allowance, but did not authorize an owner to retroactively "correct" the base rent agreed upon at the time of executing the vacancy lease. Computing the vacancy allowance authorized by Rent Guidelines Board Order No. 12a with the base rent which the petitioner had utilized upon the execution of the lease (i.e., $227), the district rent administrator determined that the lawful rent should be $303.05. He then ordered the petitioner to refund to the tenant the amount of rent overcharged. The petitioner's petition for administrative review was denied. The Supreme Court then dismissed the proceeding brought by the petitioner to review the respondent's determination.

We hold that the determination of the respondent has a rational basis in the record and was not arbitrary and capricious. Pursuant to Rent Guidelines Board Order No. 12a in effect at the time of the execution of the lease, the petitioner could have utilized as the base rent in determining the tenant's monthly rent the maximum permissible rent allowed on June 30, 1981, to wit, $270.10. However, it did not do so, but instead used the maximum permissible rent as of June 30, 1980, i.e., $227. Nothing prevents an owner from using as base rent for a vacancy lease an amount less than the maximum permissible rent authorized as of the date of the execution of the lease (see, Matter of Kliegman v McGoldrick, 285 App Div 1064). We do not read Rent Guidelines Board Order No. 12a as

containing any provision permitting an owner to retroactively "correct" and increase the base rent upon which the vacancy lease rent was based. It does not provide that an owner may change the negotiated rent agreed upon between the owner and the tenant based on the owner utilizing a base rent other than the maximum permissible amount. Lawful stabilized rent is equal to the rent actually charged on the lease date plus any increases authorized by the Rent Guidelines Board for vacancy or renewal leases *(see, Matter of Century Operating Corp. v Popolizio,* 90 AD2d 731, *revd on other grounds* 60 NY2d 483). If the utilization of the amount of $227 as base rent was a mistake, it was unilateral on the part of the petitioner, and it is not entitled to rescind or reform the lease on that ground in the absence of a showing of fraud *(see, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77; *Mantek Servs. v Rye Off. Assocs.,* 149 AD2d 671; *Pergament Scarsdale v Greenville Shopping Center,* 55 AD2d 864).

The petitioner's contentions fail to draw a distinction between base rent and vacancy allowance. The two are distinct and separate. The base rent upon which future increases may be computed cannot be increased to reflect prior permissible increases which the owner failed to charge. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.