■ In the Matter of APAR REALTY Co., Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [729 NYS2d 135] —Judgment, Supreme Court, New York County (Joan Madden, J.), entered on or about May 22, 2000, which denied and dismissed the petition brought pursuant to CPLR article 78 to annul a determination of the respondent State of New York Division of Housing and Community Renewal, dated July 8, 1999, which found that petitioner's failure to collect Major Capital Improvement (MCI) increases constituted a waiver of such increases, unanimously affirmed, without costs.

Supreme Court properly dismissed the petition since DHCR's determination was rationally based (*see, Matter of Colton v Berman*, 21 NY2d 322, 329). Although the agency had previously authorized petitioner's inclusion of MCI increases in the base rent, petitioner's rent ledger does not indicate that such increases were in fact collected. While petitioner's ledger indicates deficits in the tenant's rent payments, none of these deficits correspond to the authorized MCI increases. Nor is there any indication in the record that petitioner notified the tenant that he was in arrears for not paying additional amounts to satisfy the MCI increases. Accordingly, since the evidence before DHCR permitted a rational inference that petitioner waived its right to include the MCI increases in the tenant's base rent (*see, Matter of North Carolina Leasing Corp. v New York State Div. of Hous. & Community Renewal*, 156 AD2d 452), DHCR's determination finding that the subject MCI increases had been waived was not arbitrary and capricious and may not be disturbed (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231). Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.