■ MYKONOS IMPORT-EXPORT, INC., Respondent-Appellant, v 108-122 NEW SOUTH ROAD REALTY CORP., Appellant-Respondent. [792 NYS2d 527]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (McCarty, J.), entered February 5, 2003, as, after a nonjury trial, is in favor of the plaintiff and against it in the principal sums of $66,033.07, representing excess base rent, and $32,095.76, representing excess additional rent, and the sum of $61,343.36, representing the security deposit, and dismissed its counterclaims, and the plaintiff cross-appeals from so much of the same judgment as dismissed the second cause of action in the amended complaint to recover other excess additional rent and denied its claim for punitive damages.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof which are in favor of the plaintiff and against the defendant in the principal sums of $66,033.07,

representing excess base rent, and $32,095.76, representing excess additional rent; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including appropriate recalculations, in accordance herewith and for the entry of an amended judgment thereafter.

The plaintiff and the defendant were parties to certain leases in which the plaintiff agreed to rent warehouse space in the defendant's building. The plaintiff commenced this breach of contract action to recover overpayments of base rent and excess rent based on its claim that the square footage it leased was less than represented in the series of leases. We disagree with the Supreme Court's determination that the plaintiff was furnished with less square footage than promised to it in the series of leases.

In *Mantek Servs. v Rye Off. Assoc.* (149 AD2d 671 [1989]), as in the case now before the court, the plaintiff asserted that the actual square footage of the leased premises was not as represented in the lease. In reversing the Supreme Court's denial of that branch of the defendant landlord's motion which was for summary judgment dismissing the complaint, we concluded that the plaintiff tenant failed to demonstrate, inter alia, that the lease was at variance with the intention of either party. The same conclusion pertains here where the proof supports the fact that the bargained-for base rent was as agreed upon by the parties fixed on a yearly basis payable in monthly installments.

In reaching our determination in *Mantek Servs. v Rye Off. Assoc.* (*supra*), we relied, in part, upon the deposition testimony of the president of the plaintiff tenant, in which he acknowledged that common areas would be included in the rental space. In the same vein, in the case now before this Court, if the loading dock (which was used exclusively by the plaintiff) is considered in the square footage calculation, the computation of the base rent on a square footage basis would, in any event, approximate that actually indicated in the recitals of the leases. Therefore, the plaintiff was not entitled to the return of any excess base rent paid representing the difference in the square footage as received compared with the square footage as represented in the leases.

In contrast to the obligation to pay base rent, the lease required the plaintiff to pay its pro rata share of additional rents related to the leases consisting of realty taxes, utility costs, and other expenses. Some of these items consisted of util-

ity uses for which the plaintiff's rental units were separately metered. The remaining expenses (mostly taxes) were to be shared with other tenants on a pro rata share basis calculated on each tenant's percentage of square footage of the leased premises. Thus, the plaintiff is entitled to recover sums expended on excess additional rent paid based on its proportionate share of the cost of such items, based on a ratio basis to be determined upon remittitur. However, to the extent that utility expenses billed to the plaintiff were based on actual usage as measured by a submeter in its rented space, the plaintiff is not entitled to recover any excess additional payments for utilities based on any potential discrepancy in square footage. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a calculation of the plaintiff's proportional share of additional rent and a determination as to what portion of the award for excess additional rent comprised expenses for utilities. This amount (calculated on an actual use basis) should be included in the plaintiff's award for excess additional rent calculated on a pro rata basis.

The parties' remaining contentions are without merit. Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.