89-21 153, LLC v Cruz (2020 NY Slip Op 20176)

89-21 153, LLC v Cruz

2020 NY Slip Op 20176 [70 Misc 3d 22]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 10, 2021

[*1]

89-21 153, LLC, Appellant,
v
Alice Cruz et al., Respondents, et al., Undertenants.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, July 10, 2020

APPEARANCES OF COUNSEL

Neil R. Finkston for appellant.
Catholic Migration Services (Thomas J. Power and Samantha Lyons of counsel) for respondents.

{**70 Misc 3d at 23} OPINION OF THE COURT

Memorandum.

Ordered that the final judgment is affirmed, without costs.
Landlord commenced this nonpayment proceeding in July 2018 against tenant Alice Cruz and her husband, undertenant Elder Cruz (collectively, tenants), primarily seeking arrears of approximately $20 per month starting from March 2009 through April 2018. In the petition, landlord asserted that these amounts were due after the Court of Appeals decided Matter of Casado v Markus (16 NY3d 329 [2011]) and found that the dollar amount increases permitted in Rent Guidelines Board (RGB) orders 40 and 41 were legal. RGB order 40 permitted landlords of rent-stabilized apartments in which landlords provided heat, the rent of which was less than $1,000 per month, and the most-recent vacancy lease had been executed more than six years prior to the date of the renewal lease, to charge a $45 or $85 increase, for a one-year or two-year renewal, respectively, as opposed to an increase of 4.5% or 8.5%, respectively, which would [*2]otherwise be charged. RGB order 41 was identical except that it permitted a $30 or $60 increase for a one or two-year lease renewal, respectively, as opposed to a 3% or 6% increase, respectively. Landlord and its predecessor had previously charged tenants the percentage increases, but, in this proceeding, landlord seeks the difference between those increases and the dollar amount increases, starting from March 2009.
Tenants moved for, among other things, summary judgment dismissing the petition on the ground that landlord and/or landlord's predecessor had waived the right to seek the arrears sought (the Casado arrears). In an order dated November 8, 2018, the Civil Court (Joel R. Kullas, J.), among other things, granted the branch of tenants' motion seeking summary judgment{**70 Misc 3d at 24} dismissing the petition. Citing a 2017 Appellate Division, Second Department, case, Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal (150 AD3d 1224 [2017] [upon a CPLR article 78 review of a Division of Housing and Community Renewal (DHCR) determination proceeding]), the Civil Court found that the Casado arrears had been waived because landlord's predecessor had failed to reserve its right to seek the higher minimum increases in the 2009 and 2011 renewal leases and had failed to seek those increases for over seven years after the Court of Appeals had issued its 2011 Casado decision. We affirm.
In 1437 Carroll, the Appellate Division affirmed an order of the Supreme Court which had found that the "Deputy Commissioner's determination of waiver [was] consistent with other instances where the owners failed to either take the minimum dollar amount increase or reserve the right to do so pending the outcome of litigation" (Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal, Sup Ct, Kings County, Sept. 29, 2015, index No. 14331/2014, affd 150 AD3d 1224 [2017]). The Deputy Commissioner had found that the landlord in 1437 Carroll had waived its right to seek the Casado increases because it had never charged the tenant with the increased amounts in the relevant lease renewal and because the landlord had waited "over nine months after the Court of Appeals decision [in Casado] . . . to inform Tenants of its desire to take advantage of the minimum dollar increases" (Matter of 1437 Carroll, LLC, Sup Ct, Kings County, index No. 14331/2014). The foregoing finding is in direct contradiction to the finding in the case of Parsons Manor LLC v New York State Div. of Hous. & Community Renewal (Sup Ct, Queens County, Sept. 14, 2015, Thomas D. Raffaele, J., index No. 3640/2015), upon which landlord relies.
In Parsons Manor, the Supreme Court used the common-law definition of waiver, a "voluntary and intentional abandonment of a known right," and found that any purported waiver was not intentional or knowing because "DHCR did not promulgate any rule or publish any notice which would put landlords on notice of a limited time period to seek retroactive rent increases based upon RGB Orders 40 and 41." The 1437 Carroll case and the Parsons Manor case cannot be harmonized because of their different definitions of waiver; DHCR had not promulgated a rule or deadline by which landlords needed to have sought Casado increases at the time 1437 Carroll was decided by the{**70 Misc 3d at 25} Appellate Division and yet the Court upheld the determination that there had been a waiver. Similarly, the 1437 Carroll decision undermines landlord's argument that the boilerplate language preprinted on tenant's 2009 and 2011 renewal lease forms preserved the right to seek the Casado arrears. The language relied upon that "[t]he rent provided for in this renewal lease may be increased or decreased pursuant to an order of the [DHCR] or [RGB]" does not expressly or implicitly preserve landlord's right to increase the rent when it already had the right to do so (see Rent Stabilization Code [9 NYCRR] § 2522.4).
[*3]
Landlord's remaining arguments on appeal are without merit.
Accordingly, the final judgment is affirmed.
Aliotta, P.J., Weston and Elliot, JJ., concur.