Matter of Kings Park 148, LLC v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 07195)





Matter of Kings Park 148, LLC v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 07195


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2019-06943
 (Index No. 8079/18)

[*1]In the Matter of Kings Park 148, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.


Horing Welikson Rosen & Digrugilliers P.C., Williston Park, NY (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York, NY (Kathleen Lamar of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated August 30, 2018, which, among other things, affirmed a determination of a Rent Administrator dated November 8, 2017, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered March 28, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, the owner of a rent-stabilized apartment building in Jamaica, Queens, appeals from a judgment of the Supreme Court entered March 28, 2019. The judgment denied the petitioner's CPLR article 78 petition seeking to annul a determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) and dismissed the proceeding. The DHCR affirmed a determination of a Rent Administrator in favor of a tenant in the building in connection with two complaints she had filed: an overcharge complaint and a lease violation complaint. The Rent Administrator found in favor of the tenant on the ground that the petitioner's attempt to collect a rent increase pursuant to a new vacancy lease which added the tenant's son as a tenant of record was not authorized because the new vacancy lease was null and void. We affirm.
In reviewing a determination of the DHCR, the court must uphold the determination unless it is arbitrary and capricious and without a rational basis (see Matter of 65-61 Saunders St. Assoc., LLC v New York State Div. of Hous. & Community Renewal, 154 AD3d 930, 931; Matter of Velasquez v New York State Div. of Hous. & Community Renewal, 130 AD3d 1045, 1046-1047). Here, the DHCR's determination—that a rent-stabilization vacancy lease executed by the petitioner and the tenant was null and void and that the previous lease between the petitioner and the tenant governed the parties—had a rational basis in the record and was not arbitrary and capricious (see Matter of Buchanan v New York State Div. of Hous. & Community Renewal, 163 AD3d 961, 961-962; 164-03, LLC v Poblete, 66 Misc 3d 150[A], 2020 NY Slip Op 50280[U] [App Term, 2d, 11th & 13th Jud Dists]).
The petitioner's remaining contentions are without merit.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court