Hillside Place, LLC v Shahid (2022 NY Slip Op 22144)

Hillside Place, LLC v Shahid

2022 NY Slip Op 22144 [75 Misc 3d 35]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 6, 2022

[*1]

Hillside Place, LLC, Respondent,
v
Younas Shahid, Appellant, et al., Undertenants.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, April 29, 2022

APPEARANCES OF COUNSEL

Thomas J. Hillgardner for appellant.
Horing Welikson Rosen & DiGrugilliers, P.C. (Matthew Rosen and Randi B. Gilbert of counsel) for respondent.

{**75 Misc 3d at 36} OPINION OF THE COURT

Memorandum.

Ordered that the order, insofar as appealed from, is affirmed, without costs.
In a February 3, 2011 petition, landlord sought possession of the premises for the nonpayment of rent in the total amount of $1,559.93, representing partial monthly arrears from September 2006 through February 2011. By motion dated April 20, 2011, landlord sought to amend its petition to allege additional monthly arrears, totaling $426.32, based upon the Court of Appeals' decision in Matter of Casado v Markus (16 NY3d 329 [2011]), decided March 24, 2011. The alleged additional arrears were based upon the dollar-amount increases permitted by Rent Guidelines Board Orders (RGBOs) 40 and 41, which landlord alleged allowed for an additional increase of $11.22 per month and $18.23 per month for, respectively, the renewal leases commencing October 1, 2008, and October 1, 2009. Landlord subsequently also moved for summary judgment. Tenant opposed landlord's motions, cross-moved for summary judgment dismissing the petition, and sought leave to conduct discovery on an overcharge counterclaim he had interposed. In an order dated October 17, 2011, the Civil Court granted{**75 Misc 3d at 37} landlord's motion for leave to amend the petition, denied landlord's motion for summary judgment and the branch of tenant's cross motion seeking summary judgment, and granted the branch of tenant's cross motion seeking leave to conduct discovery. Subsequently, in a so-ordered stipulation, the parties agreed [*2]that landlord was to provide certain discovery related to tenant's claim of overcharge by a date certain, or else the petition would be "deemed stricken." It is undisputed that landlord timely provided responses.
Tenant subsequently moved for what tenant characterized as leave to renew his cross motion for summary judgment dismissing the petition and, upon renewal, to dismiss the petition and "adjudg[e] [landlord] liable for rent overcharge and [for an order] setting this matter down for an inquest on damages." Tenant contended that, due to the inadequacy of landlord's discovery responses, the petition had been "deemed stricken," which entitled tenant to a finding that landlord was "liable for rent overcharge." Thus, what tenant actually sought was the dismissal of the petition for failure to provide discovery (see CPLR 3126 [3]) and summary judgment on the issue of liability with respect to his overcharge counterclaim. In the alternative, tenant moved for leave to renew his opposition to landlord's motion for leave to amend the petition. Tenant appeals from so much of an order of the Civil Court dated November 4, 2019, as denied the branches of tenant's motion seeking, in effect, to dismiss the petition pursuant to CPLR 3126 (3) and summary judgment on the issue of liability with respect to tenant's overcharge counterclaim, and as, upon renewal, adhered to its original determination granting landlord's motion to amend the petition.
As it was undisputed that landlord did not completely fail to provide responses to the discovery demands, the Civil Court was within its discretion to find that landlord's responses did not constitute "willful, contumacious, or bad faith conduct" which would warrant the striking of landlord's petition (Simpson v City of New York, 10 AD3d 601, 603 [2004]; see McArthur v New York City Hous. Auth., 48 AD3d 431, 431 [2008]; Miller v Duffy, 126 AD2d 527 [1987]). Since we decline to find that the petition has been "deemed stricken" or that it should have been stricken, tenant's argument that he should be awarded summary judgment on the issue of liability with respect to his overcharge counterclaim because the petition has been "deemed stricken" is without merit.
{**75 Misc 3d at 38}Also without merit is tenant's claim that the Civil Court, upon renewal, erroneously adhered to its prior determination, which permitted landlord to amend its petition to assert rent increases under Casado. According to tenant, who relies on Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal (150 AD3d 1224 [2017]), landlord waived its right to seek those increases by not reserving that right in its renewal leases. Motions for leave to amend the pleadings are to " 'be freely given' absent prejudice or surprise resulting directly from the delay" (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]). At the time landlord filed its petition, the validity of the increases under RGBOs 40 and 41 was under judicial consideration. Thus, the rent demanded in the original petition was a good faith estimation of what was owed by tenant. Once the legality of these increases was upheld in Casado, landlord swiftly moved to amend its petition to assert the increases. Under these circumstances, there is an issue as to whether landlord has the right to recover Casado increases in the instant proceeding. Thus the Civil Court, upon renewal, properly adhered to its original determination granting landlord's motion to amend its petition to assert that right.
The Second Department's decision in Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal (150 AD3d 1224 [2017]) does not warrant a contrary result. There, [*3]the Court affirmed the denial of a CPLR article 78 petition which challenged a New York State Division of Housing and Community Renewal (DHCR) determination of a rent overcharge. DHCR found that landlord had waived its right to seek Casado increases, where landlord never charged the increased amounts in the lease renewal and "had waited 'over nine months after the Court of Appeals decision [in Casado] . . . to inform Tenants of its desire to take advantage of the . . . increases' " (89-21 153, LLC v Cruz, 70 Misc 3d 22, 24 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020], quoting Matter of 1437 Carroll, LLC, Sup Ct, Kings County, Sept. 29, 2015, Bunyan, J., index No. 14331/2014).
In this case, landlord did not wait a prolonged period to apprise tenant of the Casado increases. To the contrary, landlord moved less than a month after Casado was decided to amend its petition to assert the increases (cf. 89-21 153, LLC v Cruz, 70 Misc 3d at 24 [landlord waived right to Casado arrears where it filed its petition seeking those arrears over seven{**75 Misc 3d at 39} years after the Court of Appeals' decision in Casado]). Moreover, Matter of 1437 Carroll involved an appeal from an article 78 proceeding, where the standard of review was limited to whether DHCR's determination was arbitrary and capricious, and without a rational basis in the record (see Matter of 1437 Carroll, LLC, 150 AD3d at 1224; see also CPLR 7803 [3]). Here, in contrast, the Civil Court made no determination as to the merits of the increases, but simply permitted landlord to amend its petition to allege those increases (cf. 89-21 153, LLC v Cruz, 70 Misc 3d at 24-25 [affirming order granting tenants' motion for summary judgment on the ground that landlord and its predecessor had waived the right to seek Casado arrears]). Since the amendment was sought shortly after Casado, we conclude that tenant had sufficient notice of landlord's right to seek Casado increases and was not prejudiced by the amendment.
Accordingly, the Civil Court's November 4, 2019 order, insofar as appealed from, is affirmed.

Aliotta, P.J. (concurring in the following memorandum). I am in general agreement with the analysis of the majority. I write separately to note that the sole basis for tenant's renewal motion was the argument that, based upon Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal (150 AD3d 1224 [2017]), landlord waived any right to seek rent increases under Matter of Casado v Markus (16 NY3d 329 [2011]). As no other issue is before us, including, as the majority properly notes, whether landlord may ultimately prevail in this nonpayment proceeding to recover possession based upon a failure to pay rent, including the Casado increases, we do not opine on any other issues.
Weston and Toussaint, JJ., concur; Aliotta, P.J., concurs in a separate memorandum.