Matter of 81st Realty Corp. v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 01058)

Matter of 81st Realty Corp. v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 01058

Decided on February 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023

Before: Kern, J.P., Oing, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 152358/22 Appeal No. 17409 Case No. 2022-04585 

[*1]In the Matter of 81st Realty Corp., Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent, Roberta Yaffa, Respondent.

Emmet, Marvin & Martin, LLP, New York (John G. Dellaportas of counsel), for appellant.
Mark F. Palomino, Office of Legal Affairs, New York (Russel Cirincione of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered October 14, 2022, denying landlord's petition to annul a rent-overcharge determination by respondent, New York State Division of Housing and Community Renewal (DHCR), dated January 19, 2022, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner challenges DHCR's exclusion of two potential rent increases in its calculation of the legal regulated rent for purposes of a rent-overcharge proceeding under the Rent Stabilization Code. Our review of DHCR's determination is limited to whether it "was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of Classic Realty, LLC v New York State Div. of Hous. & Community Renewal, 2 NY3d 142, 146 [2004]).
DHCR's finding that petitioner had waived the rent increases by failing to timely apply them to the tenant's lease was supported by a rational basis (see Matter of Apar Realty Co. v State of New York Div. of Hous. & Community Renewal, 286 AD2d 274, 274 [1st Dept 2001]). Petitioner does not dispute that it failed to increase the rent for the subject apartment by 4% in 2014, as permitted by the Rent Guidelines Board Order #45 for rent-stabilized units. The 2014 major capital improvement (MCI) order permitted a rent increase for all stabilized and rent controlled apartments, but petitioner failed to include the subject apartment in its application because it was not treating it as rent-stabilized at the time. Because petitioner treated the apartment as a free-market unit, the 2014 MCI order did not apply to it. Accordingly, DHCR reasonably determined that a rent increase pursuant to the 2014 MCI order was not a "subsequent lawful increase[]" to be included in the legal regulated rent (Rent Stabilization Code [9 NYCRR] § 2526.1[a][3][i]; see Matter of Apar Realty Co., 286 AD2d at 274).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 28, 2023