Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 04450)

Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 04450

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-01711
 (Index No. 722271/20)

[*1]In the Matter of Parsons Manor, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent-respondent, et al., respondents.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber and Dawn R. Myers of counsel), for appellant.
Mark F. Palomino, New York, NY (Yeepan P. Zhu of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated November 18, 2019, which upheld a determination of a Rent Administrator dated November 9, 2018, finding, inter alia, that the petitioner overcharged a tenant, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered January 25, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of a rent-stabilized apartment building in Jamaica, Queens, and commenced this proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) that upheld a Rent Administrator's determination finding, inter alia, that the petitioner overcharged a tenant. The overcharge was imposed by the petitioner in July and August 2014 and allegedly comprised of the minimum dollar amount rent increases stated in New York City Rent Guidelines Board Order Nos. 40 and 41. In a judgment entered January 25, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In reviewing a determination of the DHCR, the court must uphold the determination unless it is arbitrary and capricious and without a rational basis" (Matter of Kings Park 148, LLC v [*2]New York State Div. of Hous. & Community Renewal, 189 AD3d 837, 838; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231; Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal, 150 AD3d 1224, 1224). "'The court may not substitute its judgment for that of the DHCR'" (Matter of 65-61 Saunders St. Assoc., LLC v New York State Div. of Hous. & Community Renewal, 154 AD3d 930, 931, quoting Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676). "'Arbitrary action is without sound basis in reason and is generally taken without regard to the facts'" (Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal, 150 AD3d at 1224, quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 231).
Here, contrary to the petitioner's contention, the DHCR's determination has a rational basis in the record and was not arbitrary and capricious (see Matter of 81st Realty Corp. v New York State Div. of Hous. & Community Renewal, 213 AD3d 610; Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal, 150 AD3d at 1224; 89-21 153, LLC v Cruz, 70 Misc 3d 22 [App Term, 2d Dept, 2d, 11th, and 13th Jud Dists]; see also Matter of North Carolina Leasing Corp. v New York State Div. of Hous. & Community Renewal, 156 AD2d 452). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court