| |
|---|
| **Scher v 698 D Realty LLC** |
| 2024 NY Slip Op 31135(U) |
| April 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153494/2016 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LOUIS L. NOCK**      PART      38M

*Justice*

-----------------------------------------------------------------------------X

ADAM SCHER and JUDITH RENDELL,

                Plaintiffs,

         - v -

698 D REALTY LLC,

                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153494/2016 |
| **MOTION DATE** | 06/14/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 44, 45, 46, 47, 48, and 49

were read on this motion for             SUMMARY JUDGMENT         .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, defendant's motion for summary judgment dismissing the complaint and on its first counterclaim for rent arrears is granted in part and denied in part, and plaintiffs' cross-motion for summary judgment is granted in part and denied in part, as set forth in the following memorandum decision.

This case arises out of a rent overcharge for an improperly deregulated apartment, which plaintiffs have leased from defendant for a number of years. The Court of Appeals, in *Regina Metro Co., LLC v New York State Div. of Hous. & Community Renewal* (35 NY3d 332 [2020]), and more recently in *Casey v Whitehouse Estates, Inc.* (39 NY3d 1104 [2023]), has set forth the proper means of calculating the amount due on a rent overcharge, and has foreclosed the availability of a fraud claim based solely on the failure to register the apartment properly in the wake of the Court of Appeals' decision in *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009]). In this regard, the parties are not in dispute that plaintiff's apartment is rent stabilized, and that the proper base date for calculation of the overcharge is four years prior to the date of

the complaint (*Regina*, 35 NY3d at 361). Accordingly, the first cause of action of the complaint, seeking a declaration that the apartment is rent stabilized, is dismissed as moot.

The second cause of action seeking to declare the lawful stabilized rent at $2,113.34 relies on the incorrect formula for calculating the lawful rent, and a declaratory judgment in the correct amount will issue accordingly. Similarly, the fourth cause of action for treble damages is foreclosed by the Court of Appeals' decisions in *Regina* and *Casey*, which plaintiffs' counsel acknowledged on the record at oral argument (transcript of proceedings, NYSCEF Doc. No. 49 at 4).

The fifth cause of action for attorneys' fees relies on 9 NYCRR 2526.1 and Administrative Code of the City of New York § 26-516 (a) (4), which apply only to proceedings before the New York State Division of Housing and Community Renewal ("DHCR"), and must be dismissed for that reason.

What remains then, are plaintiffs' third cause of action for the amount of the rent overcharge, and defendant's counterclaim for alleged rent arrears. In this, the court finds that neither side has correctly calculated the net amount due. Plaintiffs argue that they are entitled to calculate the rent based on one-year renewals of their lease from the base date, May 2012, on the grounds that the Rent Stabilization Code requires them to have been offered one-year or two-year renewals (9 NYCRR 2522.6[b]), when in fact, defendant only offered them a two-year renewal from July 2014 through August 2016. Plaintiffs provide no authority allowing the court to engage in this form of hypothetical analysis regarding which renewal terms *might* have been accepted had they been offered. Thus, the calculation set forth by defendant is correct, at least up through August 2018, at which point, it is defendant who has improperly calculated the amount due.

Beginning as of June 3, 2016, defendant registered plaintiffs' apartment with DHCR at a stabilized rent of $4,846.12 (DHCR Rent Registration History, NYSCEF Doc. No. 40). Such registration continued through the most recent registration on July 14, 2023. Defendant calculates that it was entitled to one year increases per the Rent Stabilization Guidelines, but defendant has waived its ability to claim those increases by failing to apply them to the apartment's registration before now (*81st Realty Corp. v New York State Div. of Hous. and Community Renewal*, 213 AD3d 610 [1st Dept 2023]). Thus, the appropriate calculation, using the rate of $4,846.12 per month for the period from September 1, 2018, through the present date, and applied against the $4,875.00 rate that plaintiffs have actually been paying, yields an aggregate overcharge of $8,703.44. As plaintiffs have continued to pay rent in excess of the registered rate, defendant is not entitled to any purported arrears.

Finally, defendant's application for fees as a sanction for alleged frivolous conduct on the part of plaintiffs is denied. Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 provides that a court may award costs and attorney's fees or impose financial sanctions on a party who engages in frivolous conduct. Frivolous conduct is defined as conduct "completely without merit in law . . . undertaken primarily to delay or prolong resolution of the litigation, or to harass or maliciously injure another: or [that] asserts material factual statements that are false" (22 NYCRR 130-1.1[c]). Given that plaintiffs have proven successful in their claims for a rent overcharge, albeit for a smaller amount than was originally sought in the complaint, the court has no basis to find that plaintiffs have engaged in frivolous conduct.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment is granted to the extent that the first, fourth, and fifth causes of action are dismissed; and it is further

ORDERED that the defendant's motion for summary judgment dismissing the second cause of action for a declaratory judgment setting the lawful stabilized rent for the apartment is resolved by issuance of the following declaration; and it is further

ADJUDGED and DECLARED that the lawful stabilized rent for plaintiffs' apartment is $4846.12 per month, as set forth in the DHCR Rent Registration History; and it is further

ORDERED that defendant's motion is otherwise denied; and it is further

ORDERED that plaintiffs' cross-motion for summary judgment on the third cause of action for the amount of the rent overcharge and the fifth cause of action for attorneys' fees is granted as to the claim for rent overcharge and otherwise denied; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiffs, jointly, and against defendant, in the amount of $8,703.44, with interest thereon at the statutory rate from May 1, 2018,[1] through entry of judgment, as calculated by the Clerk, and continuing to accrue thereon through satisfaction of judgment, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs.

---

[1] "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (CPLR 5001[b]; *Kachkovskiy v Khlebopros*, 164 AD3d 568, 572 [2d Dept 2018]).

This constitutes the decision and order of the court.

ENTER:

Louis L. Nock

| 4/4/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | **X** | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 5]