Matter of 57 Elmhurst, LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 04171)

Matter of 57 Elmhurst, LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 04171

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2021-01706
 (Index No. 722273/20)

[*1]In the Matter of 57 Elmhurst, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent-respondent, et al., respondent.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber and Dawn R. Myers of counsel), for appellant.
Mark F. Palomino, New York, NY (Yeepan Zhu of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated December 4, 2019, as denied a petition for administrative review and upheld so much of a determination of a Rent Administrator dated January 31, 2019, as found that the petitioner overcharged rent, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered January 27, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of a rent-stabilized apartment building located in Elmhurst. The petitioner commenced this proceeding pursuant to CPLR article 78 to review so much of a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) as denied a petition for administrative review and upheld so much of a Rent Administrator's determination as found that the petitioner overcharged a tenant. The overcharge was imposed by the petitioner in June 2018 and allegedly was comprised of the minimum dollar amount rent increases stated in New York City Rent Guidelines Board Order Nos. 40 and 41. In a judgment entered January 27, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In reviewing a determination of the DHCR, the court must uphold the determination unless it is arbitrary and capricious and without a rational basis" (Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 945, 946 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231; Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal, 150 AD3d 1224, 1224). "The court may not substitute its judgment for that of the DHCR" (Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d at 946 [internal quotation marks [*2]omitted]). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 231).
Here, contrary to the petitioner's contention, the DHCR's determination has a rational basis in the record and was not arbitrary and capricious (see Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d at 946; Matter of 81st Realty Corp. v New York State Div. of Hous. & Community Renewal, 213 AD3d 610; Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal, 150 AD3d at 1224; 89-21 153, LLC v Cruz, 70 Misc 3d 22 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; see also Matter of North Carolina Leasing Corp. v New York State Div. of Hous. & Community Renewal, 156 AD2d 452). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court